FILED

1  Matthew A. Pequignot
   1636 R Street, NW
2  Third Floor
   Washington, D.C. 20009
3  Phone: 202-328-1200
   Facsimile: 202-328-2219
4  Email: mpequignot@pmiplaw.com

5  *Pro se*

6              UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
7

8  MATTHEW A. PEQUIGNOT
   1636 R Street, NW                    Case No. 1:07-cv-897
9  Third Floor
   Washington, D.C. 20009
10
                                        AMENDED COMPLAINT FOR
11          Plaintiff,                   FALSE PATENT MARKING
   v.
12

13 SOLO CUP COMPANY
   1700 Old Deerfield Rd.
14 Highland Park, IL 60035

15
            Defendant.
16

17
        Plaintiff MATTHEW A. PEQUIGNOT (hereinafter referred to as
18
   "PEQUIGNOT"), for his Complaint against Defendant SOLO CUP COMPANY
19
   (hereinafter referred to as "SOLO CUP"), alleges as follows:
20

21                      **NATURE OF THE CASE**

22
        1.    This is an action for false patent marking under Title 35, Section 292,
23
   of the United States Code.
24

25      2.    At least in part, it is alleged that SOLO CUP's marking of a plurality
26 of its products (listed below) with expired patent numbers, and advertisement
27 thereof, is a violation of 35 U.S.C. §292(a).
28

   AMENDED COMPLAINT FOR FALSE PATENT MARKING
                                                                          1

3.    PEQUIGNOT seeks an award of damages against SOLO CUP, one-half of which shall be paid to the United States pursuant to 35 U.S.C. §292(b).

## THE PARTIES

4.    PEQUIGNOT is an individual residing in Washington, D.C. with a correspondence address of 1636 R Street, NW, Third Floor, Washington, D.C. 20009.

5.    Upon information and belief, SOLO CUP is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1700 Old Deerfield Rd., Highland Park, Illinois 60035.

## JURISDICTION, VENUE, AND STANDING

6.    This Court has jurisdiction of this action under 28 US.C. §§1331 and 1338(a).

7.    Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a). At least in part, SOLO CUP's lids, the subject matter of this cause of action, are sold in various retail and food stores in this District.

8.    PEQUIGNOT brings this action under 35 U.S.C. §292(b) which provides that any person may sue for civil monetary penalties for false patent marking.

## SOLO CUP'S EXPIRED PATENTS

9.    United States Patent No. Re. 28,797 ("the '797 patent"), entitled *Lid*, issued on May 4, 1976.  Exhibit A.

10.    SOLO CUP is the assignee of record of the '797 patent.

AMENDED COMPLAINT FOR FALSE PATENT MARKING                    2

11.    U.S. Patent No. 4,589,569 ("the '569 patent"), entitled *Lid for Drinking Cup*, issued on May 20, 1986.  Exhibit B.

12.    SOLO CUP is the assignee of record of the '569 patent.

13.    The '797 patent expired on June 8, 1988 and, upon expiration, the information contained therein, including all technical descriptions, forever, irrevocably, entered the public domain.

14.    The '569 patent expired on October 24, 2003 and, upon expiration, the information contained therein, including all technical descriptions, forever, irrevocably, entered the public domain.

## SOLO CUP'S MARKED LIDS

15.    Upon information and belief, SOLO CUP manufactures products for sale to distributors as well as to retailers, including restaurants, and the general consuming public.

16.    Among the products sold by SOLO CUP are cup lids, such as those employed on hot and cold drink cups such as, for example, those utilized by the retail coffee chain Starbucks™.  Additionally, SOLO CUP sells other lid types such as, for example, condiment cup lids. Upon information and belief, in addition to supplying such lids to food or drink store chains, SOLO CUP sells or supplies lids to distributors (e.g., restaurant supply-type stores) as well as to retail stores for sale to the general consuming public (e.g., party supply stores or food market stores).

17.    Upon information and belief, SOLO CUP manufactures and sells lid products identified by product codes 600TS 0090, 605TP, 624TS, 626TP 0090,

AMENDED COMPLAINT FOR FALSE PATENT MARKING                3

626TS 0090, 640TP 0090, 640TS 0090, 662TP 0090, 662TS 0090, 668TS, 695TP, 695TS, D668S, M600P 0090, M600S 0090, M640S 0090, PL2, PL4 0090, and PL4TS 0090, and, when manufacturing such lids (or causing them to be manufactured), imprints on such lids (or causes to be imprinted) certain markings which identify the '797 patent (either in full or by abbreviation thereof).

18.    Upon information and belief, SOLO CUP manufactures and sells lid products identified by product codes T316B 0001, TL31B, TL31R, TL38B, and TL38R 0003, and, when manufacturing such lids (or causing them to be manufactured), imprints on such lids (or causes to be imprinted) certain markings which identify the '569 patent (either in full or by abbreviation thereof).

19. Upon information and belief, the SOLO CUP products identified in paragraphs 17 and 18 above are advertised on the internet (i.e., the "world wide web") both on SOLO CUP's website and on independent retailers' websites, and in such advertisements, images of the subject lids are employed which display the '797 patent number or the '569 patent number (either in full or by abbreviation).

20.    Because the SOLO CUP products, manufactured and sold as described in paragraphs 17 and 18 above, or as advertised as described in paragraph 19 above, contain or display markings which identify patent numbers, persons who view such markings are likely to believe such products are patented.

## SOLO CUP'S CUPS

21.    Upon information and belief, SOLO CUP manufactures and sells 3 oz. cups identified as "ULTRA COLORS" and the product code B3100T (on the packaging) and/or P3A (on the cup).

AMENDED COMPLAINT FOR FALSE PATENT MARKING                    4

1     22.    Upon information and belief, SOLO CUP manufactures and sells 9 oz.

2    cups identified as "ULTRA COLORS" and the product code TU9G (on the

3    packaging) and/or TP9 (on the cup).

4

5     23.    SOLO CUP, when manufacturing packaging for the cup products

6    identified in paragraphs 21 and 22 above (or causing it to be manufactured),

7    imprints on such packaging (or causes to be imprinted on such packaging) the

8    phrase "[t]his product may be covered by one or more U.S. or foreign pending or

9    issued patents."

10     24.    The phrase "[t]his product may be covered by one or more U.S. or

11    foreign pending or issued patents" is likely to lead certain persons who view such

12    language to believe such products are patented.

13

14     25.    Upon information and belief, the ULTRA COLORS cup products

15    identified by the product code(s) B3100T and/or P3A are not protected by any

16    patent or the subject matter of any pending patent application.

17

18     26.    Upon information and belief, the ULTRA COLORS cup products

19    identified by the product code(s) TU9G and/or TP9 are not protected by any patent

20    or the subject matter of any pending patent application.

21     27.    Although the packaging described in paragraph 23 above directs

22    customers to www.solocup.com for information regarding patent related

23    protections, no information regarding whether or not the products identified in

24    paragraphs 21 and 22 are patented or are the subject matter of pending patent

25    applications may be found on the listed website.

26

27                             **SOLO CUP'S UTENSILS**

28

AMENDED COMPLAINT FOR FALSE PATENT MARKING         5

1    28.    Upon information and belief, SOLO CUP manufactures and sells

2  plastic knife products labeled "Heavyweight Knives" in 500 piece containers.

3

4    29.    Upon information and belief, SOLO CUP manufactures and sells

5  plastic fork products labeled "Heavyweight Forks" in 500 piece containers.

6    30.    Upon information and belief, SOLO CUP manufactures and sells

7  plastic spoon products labeled "Heavyweight Spoons" in 500 piece containers.

8

9    31.    SOLO CUP, when manufacturing packaging for the utensils identified

10  in paragraphs 28, 29, and 30 above (or causing it to be manufactured), imprints on

11  such packaging (or causes to be imprinted on such packaging) the phrase "[t]his

12  product may be covered by one or more U.S. or foreign pending or issued patents."

13    32.    The phrase "[t]his product may be covered by one or more U.S. or

14  foreign pending or issued patents" is likely to lead certain persons who view such

15  language to believe such products are patented.

16

17    33.    Upon information and belief, the knife products identified in

18  paragraph 28 above are not protected by any patent or the subject matter of any

19  pending patent application.

20    34.    Upon information and belief, the fork products identified in paragraph

21  29 above are not protected by any patent or the subject matter of any pending

22  patent application.

23

24    35.    Upon information and belief, the spoon products identified in

25  paragraph 30 above are not protected by any patent or the subject matter of any

26  pending patent application.

27

28

AMENDED COMPLAINT FOR FALSE PATENT MARKING                    6

36.    Although the packaging described in paragraph 31 above directs customers to www.solocup.com for information regarding patent related protections, no information regarding whether or not the products identified in paragraphs 28, 29, and 30 are patented or the subject matter of pending patent applications may be found on the listed website.

## CAUSE OF ACTION FOR FALSE PATENT MARKING OF SOLO CUP'S LIDS

37.    PEQUIGNOT repeats, realleges, and incorporates by reference each and every paragraph above as if set forth fully herein.

38.    All monopoly rights in an expired patent have terminated and the '797 patent and the '569 patent, therefore, no longer carry with them any right to exclude.

39.    SOLO CUP's products identified by product codes 600TS 0090, 605TP, 624TS, 626TP 0090, 626TS 0090, 640TP 0090, 640TS 0090, 662TP 0090, 662TS 0090, 668TS, 695TP, 695TS, D668S, M600P 0090, M600S 0090, M640S 0090, PL2, PL4 0090, and PL4TS 0090, are "unpatented" or not currently patented by the '797 patent because the '797 patent is expired.

40.    SOLO CUP's products identified by product codes T316B 0001, TL31B, TL31R, TL38B, and TL38R 0003 are "unpatented" or not currently patented by the '569 patent because the '569 patent is expired.

41.    Upon information and belief, every original United States patent, in the form it is issued to a patentee (or the patentee's representative) by the United States Patent and Trademark Office, includes a printed recitation of its term or duration in years by which the date of expiration of the patent is known.

AMENDED COMPLAINT FOR FALSE PATENT MARKING                    7

42. Upon information and belief, because the '797 patent includes a recitation of its duration or term in years, in the form as originally issued to SOLO CUP (or its representative) by the United States Patent and Trademark Office, SOLO CUP, itself or by its representatives, actually, or at least constructively, knows, or should have known, that the '797 patent is expired and has been expired for more than 19 years.

43. Upon information and belief, because the '569 patent includes a recitation of its duration or term in years, in the form as originally issued to SOLO CUP (or its representative) by the United States Patent and Trademark Office, SOLO CUP, itself or by its representatives, actually, or at least constructively, knows, or should have known, that the '569 patent is expired and has been expired for almost four years.

44. Upon information and belief, SOLO CUP is a sophisticated company which has many decades of experience with applying for, obtaining, and litigating patents, and knows (itself or by its representatives), at least constructively, that patents expire and do not have an indefinite duration.

45. Upon information and belief, at least as a result of SOLO CUP's experience in patent litigation, SOLO CUP actually knows (itself or by its representatives), or at least constructively knows (itself or by its representatives), that a patent expires and, upon expiration, retains no enforceable right to exclude.

46. SOLO CUP, by way of counsel, in the trademark opposition proceedings styled *Georgia Pacific Corporation et. al. v. Solo Cup Company, Opposition No. 91157923*, admitted the expiration of the '569 patent on October 23, 2003. Therefore, SOLO CUP has actual knowledge of the expiration of the '569 patent.

AMENDED COMPLAINT FOR FALSE PATENT MARKING                    8

47.    At least for the reasons set forth herein, and/or for other reasons which will be later evidenced, SOLO CUP cannot have any reasonable belief that the products identified in paragraph 39 are currently patented.

48.    At least for the reasons set forth herein, and/or for other reasons which will be later evidenced, SOLO CUP cannot have any reasonable belief that the products identified in paragraph 40 are currently patented.

49.  At least for the reasons set forth herein, and/or for other reasons which will be later evidenced, SOLO CUP has, on information and belief, "falsely marked" its lid products, with the intent to deceive the public, in violation of 35 U.S.C. §292.

## CAUSE OF ACTION FOR FALSE PATENT MARKING OF SOLO CUP'S CUPS AND UTENSILS

50.    PEQUIGNOT repeats, realleges, and incorporates by reference each and every paragraph above as if set forth fully herein.

51.  Because, on information and belief, the products identified in paragraphs 21, 22, 28, 29, and 30 above are not patented and are not otherwise the subject matter of a pending patent application, SOLO CUP cannot have any reasonable belief that such products are patented or the subject of pending patent rights.

52.  At least for the reasons set forth herein, and/or for other reasons which will be later evidenced, SOLO CUP has, on information and belief, "falsely marked" the above identified cup and utensil products, with the intent to deceive the public, in violation of 35 U.S.C. §292.

AMENDED COMPLAINT FOR FALSE PATENT MARKING                9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DAMAGES

53.     Every person in the United States is a potential entrepreneur with an absolute legal right to commercialize the articles described in the '797 and '569 patents. Moreover, every person in the United States is a potential competitor of SOLO CUP with respect to the above identified lid products marked with expired patents.

54.     Every company in the United States has an absolute legal right to commercialize the articles described in the '797 and '569 patents. Moreover, every company in the United States is a potential competitor of SOLO CUP with respect to the above identified lid products marked with expired patents.

55.     Each individual lid product identified above, or advertisement thereof, because it is marked with or displays the '797 or '569 patent number (or abbreviation thereof) not identified as expired, is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its representatives) which views it from commercializing a competing lid product even though every person or company in the United States has an absolute legal right to compete with SOLO CUP in commercializing such lids.

56.     Each individual product identified above in paragraphs 21, 22, 28, 29, and 30, contained in packaging displaying the phrase "[t]his product may be covered by one or more U.S. or foreign pending or issued patents" is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its representatives) which views such phrase from commercializing a competing product even though every person or company in the United States has an absolute legal right to compete with SOLO CUP in commercializing such products.

AMENDED COMPLAINT FOR FALSE PATENT MARKING                    10

57.     Upon information and belief, SOLO CUP's marking of lid products with expired patents and/or advertising thereof, as described above and/or as will be further later evidenced, has quelled competition with respect to the identified lid products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

58.     Upon information and belief, SOLO CUP's marking of product packaging with language indicating the product contained in the packaging may be covered by a patent or pending patent application, as described above and/or as will be further later evidenced, has quelled competition with respect to the identified products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

59. Upon information and believe, for at least the reasons set forth herein, SOLO CUP has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by increasing, or at least maintaining, its considerable market power and/or commercial success with respect to the herein described products in the market place.

60.     Each individual lid and/or individual advertisement which displays or contains the "mark" of an expired patent (including any abbreviation thereof) likely, or at least potentially, contributes to the public harm. Therefore, each individual lid and/or each advertisement containing or displaying an expired patent number (or abbreviation thereof) imprinted thereon or in association therewith, as described herein and/or as will be later identified, should be construed as a separate "offense" pursuant to 35 U.S.C. §292(a).

61.     Each packaging label which displays the phrase "[t]his product may be covered by one or more U.S. or foreign pending or issued patents", as described

AMENDED COMPLAINT FOR FALSE PATENT MARKING                    11

1  herein, likely, or at least potentially contributes to the public harm. Therefore, each

2  product  package containing or displaying such language, as described herein

3  and/or as will be later identified, should be construed as a separate "offense"

4  pursuant to 35 U.S.C. §292(a).

5

6  ### PRAYER FOR RELIEF

7  WHEREFORE, PEQUIGNOT requests this Court, pursuant to 35 U.S.C.

8  §292, to:

9

10  A.    Enter judgment against SOLO CUP and in favor of PEQUIGNOT for

11  the violations alleged in this Complaint;

12  B.    Order SOLO CUP to pay a civil monetary fine of $500 per false

13  marking "offense", or an alternative amount as determined by the Court, one-half

14  of which shall be paid to the United States.

15

16  C.    Grant PEQUIGNOT such other and further relief as it may deem just

17  and equitable.

18

19  ### JURY DEMAND

20  Pursuant to Federal Rule of Civil Procedure 38(b), PEQUIGNOT hereby

21  demands a trial by jury on all issues so triable.

22

23                                        Respectfully submitted,

24

Dated: <u>December 20, 2007</u>                    _____

25                                        Matthew A. Pequignot

26                                        *Pro se*

27

28

AMENDED COMPLAINT FOR FALSE PATENT MARKING                    12