IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW A. PEQUIGNOT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOLO CUP COMPANY, )<br>)<br>Defendant. ) | Civil No. 1:07-CV-00897-LMB-TCB |

**MEMORANDUM IN SUPPORT OF SOLO CUP COMPANY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

I. SUMMARY OF THE ARGUMENT ...................................................................1
II. BACKGROUND FACTS..................................................................................1
III. THE APPLICABLE LEGAL STANDARDS .....................................................2
IV. PLAINTIFF'S ALLEGATIONS DO NOT STATE A CLAIM FOR FALSE MARKING UNDER SECTION 292................................................4
    A. Failing To Remove An Expired Patent From A Product Is Not False Marking ................................................................................4
        1. Under The Plain Language Of Section 292, An Article Covered By An Expired Patent Is Not "Unpatented" .................5
        2. The Controlling Case Law Holds That A Product Covered By An Expired Patent Is Not "Unpatented" And Section 292 Does Not Prohibit Marking With An Expired Patent..........6
        3. The Legislative History Confirms That A Product Covered By An Expired Patent Is Not "Unpatented" And Section 292 Does Not Prohibit Marking With An Expired Patent..........8
        4. Public Policy Is Best Served By Construing Section 292 To Exclude Liability For Marking With An Expired Patent.............9
    B. Stating That A Product "May Be Covered By One Or More U.S. Or Foreign Pending Or Issued Patents" Is Not False Marking...............11
        1. The Plain Language Of Section 292 Indicates That The Statement At Issue Is Not False Marking .....................................11
        2. The Controlling Case Law Shows That The Statement At Issue Is Not False Marking ........................................................12
        3. Solo's Statement That An Item "May Be Covered" By One Or More Patents Or Applications Is Consistent With The Policy Underlying The False Marking Statue............................12
V. CONCLUSION..................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Ansul Co. v. Uniroyal Inc.*,
 306 F. Supp. 541 (S.D.N.Y. 1969) .................................................................................. 3

*Arcadia Mach. & Tool, Inc. v. Sturm, Ruger & Co.*,
 227 U.S.P.Q 655 (C.D. Cal. 1985) .................................................................................. 7

*Arcadia Mach. & Tool, Inc. v. Sturm, Ruger & Co.*,
 786 F.2d 1124 (Fed. Cir. 1986) ......................................................................... 7, 12, 13

*Brose v. Sears, Roebuck & Co.*,
 455 F.2d 763 (5th Cir. 1972) .......................................................................................... 3

*Clontech Labs., Inc. v. Invitrogen Corp.*,
 406 F.3d 1347 (Fed. Cir. 2005) ............................................................................. passim

*D.P. Wagner Mfg., Inc. v. Pro Patch Sys., Inc.*,
 434 F. Supp. 2d 445 (S.D. Tex. 2006) ............................................................................ 8

*Edwards v. City of Goldsboro*,
 178 F.3d 231 (4th Cir. 1999) .......................................................................................... 3

*FMC Corp. v. Control Solutions, Inc.*
 369 F. Supp. 2d 539 (E.D. Pa. 2005) ......................................................................... 7, 10

*Icon Health & Fitness, Inc. v. Nautilus Group, Inc.*,
 No. 1:02 CV 109 TC, 2006 U.S. Dist. Lexis. 24153 (D. Utah Mar. 23,
 2006) ............................................................................................................................... 4

*Knight v. Comm'r of Internal Revenue*,
 128 S. Ct. 782 (2008) .................................................................................................... 11

*Lear, Inc. v. Adkins*,
 395 U.S. 653 (1969) ...................................................................................................... 12

*Mayview Corp. v. Rodstein*,
 620 F.2d 1347 (9th Cir. 1980) ............................................................................ 3, 5, 11

*Norfolk Redev. & Hous. Auth. v. Chesapeake & Potomac Tel. Co. of Va.*,
 464 U.S. 30 (1983) .......................................................................................................... 9

*O'Neill v. Dep't of Hous. & Urban Dev.*,
 220 F.3d 1354 (Fed. Cir. 2000) ...................................................................................... 6

*Pequignot v. Gillette*,
 No. 1:08-cv-49 (E.D. Va. Jan. 17, 2008) ...................................................................... 10

*Sadler-Cisar, Inc. v. Commercial Sales Network, Inc.*,
  786 F. Supp. 1287 (N.D. Ohio 1991) ........................................................................ 4

*United States v. Wong Kim Bo*,
  472 F.2d 770 (5th Cir. 1972) .................................................................................... 6

*Vt. Agency of Natural Res. v. United States*,
  529 U.S. 765 (2000) ................................................................................................. 3

*Wilson v. Singer Mfg. Co.*
  12 F. 57 (C.C.N.D. Ill. 1882) ................................................................................... 7

**Statutes**

28 U.S.C. § 1295(a)(1) ..................................................................................................... 6

35 U.S.C. § 112 ............................................................................................................. 10

35 U.S.C. § 154(a)(2) .................................................................................................... 10

35 U.S.C. § 292 ....................................................................................................... passim

**Other Authorities**

Manual of Patent Examining Procedure §§ 203.05 (8th ed. 2007) ................................. 6

**Rules**

Fed. R. Civ. P. 12(a) ........................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 2

I.  **SUMMARY OF THE ARGUMENT**

The Court should dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because neither of the two types of alleged false marking violates 35 U.S.C. § 292.[1] As a matter of law, neither the labeling of cup lids with expired patents, nor a statement that Solo Cup Company's (Solo) cups and utensils "may" be patented amounts to the prohibited acts of "mark[ing] upon, or affix[ing] to, or us[ing] in advertising in connection with any *unpatented* article the word 'patent' or any word or number importing the same *is* patented" under section 292. 35 U.S.C. § 292 (2000) (emphases added).

Labeling cup lids with the numbers of two expired United States patents, which undeniably apply to the cup lids, is not actionable because the cup lids are not *"unpatented"* under section 292. Likewise, the statement "[t]his product may be covered by one or more U.S. or foreign pending or issued patents. For details, contact: www.solocup.com" does not incorrectly state that the products *are* patented in violation of section 292. Therefore, Solo did not violate section 292 by using this statement on the packaging for its cups and utensils. For these reasons, as well as those discussed below, Solo seeks dismissal, with prejudice, of Plaintiff's Amended Complaint.

II.  **BACKGROUND FACTS**

Solo is a major manufacturer of disposable plastic and paper cups, lids, plates, bowls, and utensils. Since its inception in the 1930's in Chicago, Illinois, Solo has expanded to create a global presence. Solo sells its products worldwide and has facilities in Canada, Mexico, Panama, and Europe. Solo has been developing and patenting products for over 70 years, and Solo includes the following statement on the packaging for some of its products:

---

[1] Pursuant to Fed. R. Civ. P. 12(a), this motion is filed in lieu of an answer.

1

> This product may be covered by one or more U.S. or foreign pending or issued patents. For details, contact: www.solocup.com

(*See* Am. Compl. ¶¶ 23, 27, 31, 36.) In addition, Solo includes the numbers of certain United States patents on some of its hot and cold cup lids that are sold to a variety of customers, including Starbucks. (*See* Am. Compl. ¶ 17-19.)

Plaintiff is not a competitor of Solo and does not claim to have suffered any injury caused by Solo. Instead, Plaintiff is a patent attorney who is seeking **billions** of dollars in damages from Solo based on two different alleged violations of 35 U.S.C. § 292. First, Plaintiff alleges that Solo falsely marked certain cup lids by failing to remove the numbers of patents from the lids after the patents expired. (Am. Compl. ¶¶ 15-20, 37-49.)[2] Second, Plaintiff alleges that Solo falsely marked the packages for two types of cups (*Id.* ¶¶ 21-24, 50-52) and its "Heavyweight" utensils (*Id.* ¶¶ 28-32, 50-52) by using the following statement on the packaging: "This product may be covered by one or more U.S. or foreign pending or issued patents. For details, contact: www.solocup.com" (*Id.* ¶¶ 23, 27, 31, 36).

Plaintiff has demanded $500 in damages for *every single* cup package, utensil package, or lid allegedly falsely marked by Solo. (Am. Compl. at ¶ 60, p. 12B.) Given the number of allegedly "falsely marked" products sold by Solo, Plaintiff's demand for $500 for every single cup package, utensil package, and lid amounts to a claim for more than $100,000,000,000 ($100 billion).

## III. THE APPLICABLE LEGAL STANDARDS

A complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it

---

[2] For purposes of this motion, these alleged facts are assumed to be true under Rule 12(b)(6). To the extent that Solo restates these facts throughout the motion, Solo does not admit their truth.

2

appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Here, Plaintiff's sole cause of action is for alleged violations of 35 U.S.C. § 292. Section 292 establishes a penalty for falsely marking an "unpatented article" as patented. The penalty may be awarded against

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public; or Whoever marks upon, or affixes to, or uses in advertising in connection with any article the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public . . . .

35 U.S.C. § 292(a). Section 292(b) provides that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."[3]

A claim for falsely marking an unpatented article under section 292 requires a plaintiff to prove four elements: (1) a marking importing that an article "is" patented; (2) that the marking is on, affixed to, or used in advertising for the article; (3) that the article is "unpatented"; and (4) an intent to deceive the public. *See* 35 U.S.C. § 292(a); *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed. Cir. 2005). Because section 292 is a penal statute, it must be strictly construed when determining whether it applies to a party's activities. *See, e.g., Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1359 (9th Cir. 1980); *Brose v. Sears, Roebuck & Co.*, 455 F.2d 763, 765 (5th Cir. 1972); *Ansul Co. v. Uniroyal Inc.*, 306 F. Supp. 541, 566 (S.D.N.Y. 1969).

---

[3] This type of statute is known as a *qui tam* statute. *Vt. Agency of Natural Res. v. United States*, 529 U.S. 765, 768-69 n.1 (2000)

### IV. PLAINTIFF'S ALLEGATIONS DO NOT STATE A CLAIM FOR FALSE MARKING UNDER SECTION 292

The classic examples of false marking involve marking a patent number on a product that the patent clearly does not cover or marking a product as "patent pending" when no patent has been applied for. *E.g., Icon Health & Fitness, Inc. v. Nautilus Group, Inc.*, No. 1:02 CV 109 TC, 2006 U.S. Dist. Lexis. 24153, *7 (D. Utah Mar. 23, 2006) (Ex. A) (holding Nautilus committed false marking by advertising Bowflex's "patented power rods" when no patent covered the power rods); *Sadler-Cisar, Inc. v. Commercial Sales Network, Inc.*, 786 F. Supp. 1287, 1296 (N.D. Ohio 1991) (holding defendants liable for mismarking when "Defendants marked the AccuTRAK product with the designation 'patent pending' and offered it for sale when no patent application was in fact pending.").

Unlike these cases, Plaintiff does not allege that Solo has included a patent number on a product that the patent clearly does not cover, nor does he allege that Solo has stated that a patent is pending for a product when no such patent is in fact pending. Instead, Plaintiff's false marking allegations are based, first, on Solo's failure to remove two expired patent numbers from certain cup lids, and second, on Solo including, on product packaging, the statement that certain products "may" be subject to one or more patents. Neither of these actions constitutes false marking.

#### A. Failing To Remove An Expired Patent From A Product Is Not False Marking

Section 292 only prohibits marking an "unpatented article" with a patent number. Although not expressly defined in the statute, the plain meaning of "unpatented" is "not patented." The Federal Circuit in *Clontech* confirmed this construction in finding that the term "unpatented article" "means that the article in question is not covered by at least one claim of each patent with which the article is marked." 406 F.3d at 1352. Here, the Solo lids at issue are

4

covered by at least one claim of each of the marked patents, and Plaintiff has not alleged to the contrary. (*See* Am. Compl.) Instead, Plaintiff has alleged that Solo's lids are "unpatented" only because the patents that apply to the lids are now expired. As explained below, this assertion is belied by the plain language of the statute, the controlling legal precedent, the legislative history, and the public policy underlying section 292. Accordingly, Plaintiff's attempt to equate a product whose patent coverage has expired with a product that is not and *never was* patented does not withstand a fair reading of section 292, much less the required strict reading. *See Mayview*, 620 F.2d at 1359.

### 1.   Under The Plain Language Of Section 292, An Article Covered By An Expired Patent Is Not "Unpatented"

Section 292 establishes a penalty for falsely marking an "unpatented article" as patented. The statute provides a penalty against "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing the same is patented, for the purpose of deceiving the public." 35 U.S.C. § 292(a). The plain meaning of "unpatented" is "not patented," which does not include, either explicitly or implicitly, expired patents. Indeed, expired patents are patents – inventions that have been examined and deemed "patentable" by the United States Patent and Trademark Office – even if the term for the patentee's exclusive rights has lapsed.

This interpretation of "unpatented" is further supported by additional language of section 292(a). Section 292(a) includes three paragraphs. The second paragraph is directed to false marking as it applies to issued patents, and the third paragraph is directed to false marking as it

5

applies to patent applications.[4] It is indisputable that the second paragraph does not explicitly provide a cause of action for marking a product with the number of an expired patent. Indeed, it is silent with respect to expired patents.

Conversely, the third paragraph explicitly addresses false marking for both pending patent applications and applications that are no longer pending (i.e., expired).[5] By explicitly providing a remedy for marking with an "expired" application, but not an expired patent, Congress indicated that section 292 does *not* provide a penalty for marking with an expired patent. *O'Neill v. Dep't of Hous. & Urban Dev.*, 220 F.3d 1354, 1360 (Fed. Cir. 2000) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." (quoting *United States v. Wong Kim Bo*, 472 F.2d 770, 722 (5th Cir. 1972)).

  2. **The Controlling Case Law Holds That A Product Covered By An Expired Patent Is Not "Unpatented" And Section 292 Does Not Prohibit Marking With An Expired Patent**

Plaintiff's false patent marking allegations are subject to the jurisdiction and precedent of the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(1). The only Federal Circuit decision to address the issue of marking with expired patents upheld a decision that marking with an expired patent was not false marking. *Arcadia Machine & Tool, Inc. v.*

---

[4] The third paragraph of section 292(a) provides a penalty against

> [w]hoever marks upon, or affixes to, or uses in advertising in connection with any article the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, *or if made, is not pending*, for the purpose of deceiving the public.

[5] A patent application may cease to be "pending" if it is abandoned – the application equivalent of an expired patent. *See* Manual of Patent Examining Procedure §§ 203.05 (8th ed. 2007).

6

*Sturm, Ruger & Co.*, 786 F.2d 1124, 1125 (Fed. Cir. 1986). In *Arcadia*, the district court noted that the patentee "included expired patents on labels used on firearm boxes." *Arcadia Mach. & Tool, Inc. v. Sturm, Ruger & Co.*, 227 U.S.P.Q 655, 655 (C.D. Cal. 1985). The court held that this label was "not deceptive or violative of § 292 as a matter of law." *Arcadia* at 656. The Federal Circuit affirmed. *Arcadia*, 786 F.2d at 1125. Thus, the controlling Federal Circuit authority makes clear that marking with an expired patent number is not false marking within the meaning of section 292.

To the extent that this Court looks beyond the controlling authority from the Federal Circuit, most district court decisions that have addressed the issue have held that marking with an expired patent is not false marking. In a case decided before *Arcadia*, the court in *Wilson v. Singer Manufacturing Co.* held that Singer did not violate the false marking statute when it marked its products with reference to expired patents. 12 F. 57, 58 (C.C.N.D. Ill. 1882). The court specifically noted that, just as in the present case, "It is not disputed but that these patents existed upon the machine, and were issued in the manner and at the time stated." *Id.* Similarly, in a case decided after *Arcadia*, the court in *FMC Corp. v. Control Solutions, Inc.* held that marking with an expired patent did not run afoul of section 292 because there is "no reason why [the patentee] may not display its patent number to inform the public of where to acquire the informational and teaching *quid pro quo* that underlies the granting of patent protection." 369 F. Supp. 2d 539, 584 (E.D. Pa. 2005). In other words, a patentee does not violate the pro-competitive spirit of section 292 by marking with an expired patent.

In contrast to the controlling Federal Circuit authority and the district court decisions described above, a recent district court decision has indicated – in a footnote – that marking a product with an expired patent number violates section 292. That case, *D.P. Wagner*

*Manufacturing, Inc. v. Pro Patch Sys., Inc.*, 434 F. Supp. 2d 445, 452 n.3 (S.D. Tex. 2006), is exceptional and unpersuasive for several reasons. First, it is devoid of any statutory construction analysis and relies, as its sole authority, on an equivocal statement from Chisum on Patents § 20.03[7][c][vii], at 20-657, that "a strong case can be made" for false marking based on an expired patent. *D.P. Wagner*, 434 F. Supp. 2d at 452 n.3. Second, the *D.P. Wagner* court was likely influenced by the egregious conduct of the defendant, which included: (i) *beginning* to mark its products with the expired patent *more than one year after the patent expired*; (ii) marking products with several other patents that did not cover the products; and (iii) sending letters to customers threatening suit based on its patents – regardless of whether they actually covered the product in question. Plaintiff DP Wagner Manufacturing, Inc.'s Motion For Partial Summary Judgment at 8-9, No. No. 4:04-cv-04610, *D.P. Wagner Mfg. Inc. v. Pro Patch Sys., Inc.*, 434 F. Supp. 2d 445 (S.D. Tex. Jan. 27, 2006) (Ex. B).

This case differs significantly from *D.P. Wagner* in that Solo has not engaged in any of the exceptional behavior noted therein. Plaintiff has not plead that, and indeed there is nothing to suggest that, *(i)* Solo began including the patents at issue on the cup lids only after the patents expired, *(ii)* Solo marked the products at issue with patents that do not cover the products, or *(iii)* Solo improperly sought to enforce the patents at issue. In sum, the controlling Federal Circuit authority and the majority of district court cases confirm that marking with an expired patent number is not false marking within the meaning of section 292.

### 3. The Legislative History Confirms That A Product Covered By An Expired Patent Is Not "Unpatented" And Section 292 Does Not Prohibit Marking With An Expired Patent

Since the introduction of the first bill proposing the false marking statute in 1842, the statute has prohibited marking an "unpatented article." *Compare* S. 220, 27th Cong. § 5 (2d Sess. 1842) (Ex. C) *with* 35 U.S.C. § 292(a) . In 1860, a bill was introduced that would have

8

changed "unpatented article" to "any article . . . not at the time secured by a patent." S. 424, 36th Cong. § 20 (1st Sess. 1860) (Ex. D). If adopted, this language might have brought marking with an expired patent within the scope of section 292. However, Congress chose instead to retain the original "unpatented article" language, implicitly deciding that section 292 should not be expanded to cover marking with expired patents. *Norfolk Redev. & Hous. Auth. v. Chesapeake & Potomac Tel. Co. of Va.*, 464 U.S. 30, 40 (1983) (holding failure of bill to pass was probative of congressional intent).

The sparse legislative history comment on record from when section 292 was incorporated into the 1952 Patent Act also supports Defendant's contention that products that were patented are outside the scope of the statute: "Section 292 is a criminal statute relating to falsely marking an article as being patented when it <u>was</u> not patented, which is now the present law." S. Rep. No. 82-1979 (1952), *as reprinted in* 1952 U.S.C.C.A.N. 2394, 2403 (emphasis added). This comment says nothing about expired patents, and given the requirement of strict construction, must be viewed as supporting Defendant's interpretation of the statute.

  **4. Public Policy Is Best Served By Construing Section 292 To Exclude Liability For Marking With An Expired Patent**

The practice of marking a product with an expired patent serves the public policy of promoting free competition, which underlies the marking statutes. *See Clontech*, 406 F.3d at 1356. Identifying the number of an expired patent on a product allows a potential competitor to quickly obtain a copy of the patent using easily-accessible free databases, e.g., the U.S. Patent & Trademark Office's website or Google Patents. A copy of the patent provides the competitor with at least three pieces of useful information: (1) the patent's filing and issuing dates from which the date of patent expiration is apparent; (2) the patent specification, which provides information sufficient to enable a person of skill in the art to make and use the invention; and

9

(3) the best mode for making and using the invention. *See* 35 U.S.C. § 112, ¶ 1. Rather than deterring competition, listing an expired patent on a product thus enables a competitor to determine quickly and easily that the product is no longer patented, and it provides a potential competitor with explicit instructions on how best to make the product at issue.[6] *See FMC Corp.*, 369 F. Supp. 2d at 584 (holding that marking with an expired patent did not run afoul of section 292 because there is "no reason why [the patentee] may not display its patent number to inform the public of where to acquire the informational and teaching *quid pro quo* that underlies the granting of patent protection").

In view of the above, Plaintiff has failed to state a cognizable claim for false marking of Solo's cup lids, and all of his allegations in this regard should be dismissed with prejudice.

---

[6] In *Clontech*, the Federal Circuit held that public policy did not support allowing a person to mark with a patent that did not cover a product because this improperly burdened competitors with the cost of interpreting the patent and assessing its validity and enforceability. 406 F.3d at 1357 n.6. In contrast, there is no such cost associated with assessing an expired patent. A person, and especially a patent attorney like the plaintiff, can quickly determine the filing and issuing date based on the patent number. For patents filed on or after June 8, 1995, a person need only add 20 years to the filing date to determine the patent's expiration date. 35 U.S.C. § 154(a)(2) (2000). For patents filed before June 8, 1995, the expiration date is the longer of the filing date plus 20 years or the issuing date plus 17 years. Also, several internet websites provide free assistance in calculating patent expiration dates, e.g., http://www.patentcalculator.com.

Moreover, rather than fostering free competition and commerce, plaintiff's attempt to have damages imposed against Solo has the opposite effect. If plaintiff were to succeed in expanding the reach of section 292 to include the actions detailed herein, many of which have been ongoing for several years, it would have a chilling effect on competition and commerce. The plaintiff has already filed at least one other complaint that alleges false marking based on an expired patent, *Pequignot v. Gillette*, No. 1:08-cv-49 (E.D. Va. Jan. filed 17, 2008) (Ex. E), and if Solo's actions are found to violate section 292, one can only assume that additional filings seeking untold damages will likely follow.

### B. Stating That A Product "<u>May</u> Be Covered By One Or More U.S. Or Foreign Pending Or Issued Patents" Is Not False Marking

Plaintiff alleges that Solo violated section 292 by including the statement "[t]his product may be covered by one or more U.S. or foreign pending or issued patents. For details, contact: www.solocup.com" on the packaging for cups, forks, knives, and spoons because none of these products are the subject of an issued patent or pending patent application. (Am. Compl. ¶¶ 21-23, 27-31, 36, 50-52.) However, regardless of whether or not the products are the subject of issued patents or pending patent applications, this statement does not state or import that any product "is" patented. As such, the plain language of the statute, the controlling case law, and the underlying public policy all confirm that this is not false marking.

#### 1. The Plain Language Of Section 292 Indicates That The Statement At Issue Is Not False Marking

The plain language of section 292 requires falsely marking a product with the "word 'patent' or any word or number importing the same *is* patented." 35 U.S.C. § 292 (emphasis added). The statement at issue does not state or import that any product "is" patented. It only states that the products "may be covered" by one or more patents or applications. In view of the strict construction requirement for this statute, the phrase at issue cannot violate section 292. *See Mayview*, 620 F.2d at 1359.

Moreover, Congress is presumed to have intentionally chosen to use the word "is" rather than broader language when it enacted section 292. *See Knight v. Comm'r of Internal Revenue*, 128 S. Ct. 782, 783 (2008) (Ex. F) (Congress "easily could have replaced 'would' in [a] statute with 'could,' and presumably would have. The fact that [Congress] did not adopt this readily available and apparent alternative strongly supports rejecting [it]."). If Congress had intended to prohibit using the phrase "may be covered," it could have drafted section 292 more broadly to prohibit using the "word 'patent' or any word or number importing the same *may be* patented."

11

Congress did not use this language and therefore section 292 cannot be construed broadly to prohibit the use of a statement that products "may be covered" by one or more patents. *See id.*

    2.    **The Controlling Case Law Shows That The Statement At Issue Is Not False Marking**

As a matter of law, the phrase at issue does not import that any of the products at issue are patented. In *Arcadia*, the defendant, Ruger, labeled its products with the following statement from 1973 to 1984: "This Ruger firearm *is* manufactured under one or more of the following U.S. Patents." 786 F.2d at 1125 (emphasis added). In 1984, Ruger changed its label to state that "The firearm in this box *may* be manufactured under one or more of the following patents." *Id.* (emphasis added). The Federal Circuit held that the 1984 label, which included the phrase "*may* be manufactured under" did not violate section 292. *Id.* (emphasis added). Like the 1984 label in *Arcadia*, Solo's alleged cup and utensil packaging states that its products "may" be covered by a patent or patent application and therefore does not import that its products are actually covered by a patent or patent application. (Am. Compl. ¶¶ 23, 31.)

    3.    **Solo's Statement That An Item "May Be Covered" By One Or More Patents Or Applications Is Consistent With The Policy Underlying The False Marking Statue**

Federal patent policy recognizes an "important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain." *Lear, Inc. v. Adkins*, 395 U.S. 653, 670 (1969). In *Clontech*, the Federal Circuit held that public policy did not support allowing a person to mark a product with a patent that did not cover the product because this improperly burdened competitors with the cost of interpreting the patent and assessing its validity and enforceability. 406 F.3d at 1357 n.6. The statement on Solo's packaging does not deter full and free competition, nor does it improperly burden competitors. The statement indicates only that the product may be patented and it directs the user to contact

12

Solo for details concerning what patents, if any, cover the particular product in the package. (Am. Compl. 23, 27, 31, 36.) Thus, the statement expressly informs a potential competitor of a simple way to determine whether the product in the package is covered by a patent, and it places no burden on a competitor to make the determination on their own.

In view of the plain language of the statute, the controlling case law, and the underlying public policy, Plaintiff has failed to state a cognizable claim for false marking of Solo's cups and utensils, and all of his allegations in this regard should be dismissed with prejudice. *See Arcadia*, 786 F.2d at 1125.

## V.   CONCLUSION

For the aforementioned reasons, Solo respectfully requests that the Court dismiss Plaintiff's claim for false marking of Solo's lids because marking a product with the number of an expired patent does not violate section 292. Solo also requests that the Court dismiss Plaintiff's claim for false marking of Solo's cups and utensils because the statement allegedly used on the packaging for these products does not violate section 292.

Respectfully submitted,

Dated: January 29, 2008

/s/ Mary C. Zinsner
James R. Sobieraj
jsobieraj@usebrinks.com
Jason C. White
jwhite@usebrinks.com
Laura Lydigsen
llydigsen@usebrinks.com
BRINKS HOFER GILSON & LIONE
NBC Tower-Suite 2500
455 N. Cityfront Plaza Dr.
Chicago, IL 60611
Telephone: 312-321-4200
Fax: 312-321-4299

Mary C. Zinsner (Virginia Bar I.D. # 31397)
Mary.Zinsner@troutmansanders.com
TROUTMAN SANDERS
1660 International Drive
Suite 600
McLean, VA 22102
Telephone: 703-734-4363
Fax: 703-734-4340

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF). And I hereby certify that I will have the document hand delivered to the following non-filing user:

>Matthew A. Pequignot, *Pro Se*
>1636 R Street, NW
>Third Floor
>Washington, D.C. 20009
>Telephone: (202) 328-1200
>Facsimile: (202) 328-2219
>mpequignot@pmiplaw.com
>
>*Plaintiff*

/s/ Mary C. Zinsner
Mary C. Zinsner (Virginia Bar I.D. # 31397)
Mary.Zinsner@troutmansanders.com
TROUTMAN SANDERS
1660 International Drive
Suite 600
McLean, VA 22102
Telephone: 703-734-4363
Fax: 703-734-4340