IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MATTHEW A. PEQUIGNOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-CV-00897-LMB-TCB |
| | ) | |
| SOLO CUP COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT FOR FALSE PATENT MARKING

Defendant Solo Cup Company ("Solo") answers the Amended Complaint of Plaintiff
Matthew A. Pequignot ("Pequignot") and provides its affirmative defenses as follows.

1.    Solo admits that the action is brought as an allegation of false marking under 35
U.S.C. § 292. Solo denies that the action is properly brought and expressly denies any false
marking under 35 U.S.C. § 292.

2.    Solo admits that certain allegations of false marking under 35 U.S.C. § 292 are
made in the Amended Complaint. Solo denies that the action is properly brought and expressly
denies any false marking under 35 U.S.C. § 292.

3.    Solo admits that Pequignot is seeking an award of damages under 35 U.S.C.
§ 292. Solo denies that the action is properly brought and expressly denies any false marking
under 35 U.S.C. § 292.

4.    Solo is without knowledge or information sufficient to form a belief as to the truth
of the allegations of this paragraph, and on that basis, denies them.

5.    Admitted.

6.    Solo denies that the Court has subject matter jurisdiction over this action because Pequignot lacks standing to bring the claims asserted in the Amended Complaint.

7.    Solo admits that if the Court were to have subject matter jurisdiction over this action, venue would be proper in this District. Solo denies any remaining allegations in this paragraph.

8.    Solo admits only that Pequignot is alleging an action under 35 U.S.C. § 292(b). Solo denies the remaining allegations of this paragraph, and expressly denies that Pequignot has standing to bring this action.

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Solo admits only that the United States Patent No. Re. 28,797 ("the '797 patent") is expired. Solo denies the remaining allegations of this paragraph.

14.    Solo admits only that the United States Patent No. 4,589,569 ("the '569 patent") is expired. Solo denies the remaining allegations of this paragraph.

15.    Admitted.

16.    Solo admits that it sells cup lids to a number of different companies, including Starbucks. Because the remaining allegations in this paragraph are vague and/or confusing, Solo is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies them.

17.    Solo admits that it currently manufactures or in the past has manufactured products having the product codes listed in this paragraph. Solo is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

18.    Solo admits that it currently manufactures or in the past has manufactured products having the product codes listed in this paragraph. Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

19.    Solo admits that some of the products identified in this paragraph have been advertised on Solo's website such that patent numbers are visible. Solo denies that all of the products identified in this paragraph have been advertised on Solo's website such that patent numbers are visible. Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

20.    Solo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies them.

21.    Admitted.

22.    Admitted.

23.    Solo admits that the phrase identified in this paragraph is included on the packaging identified in this paragraph. Further answering, Solo admits that the phrase "[f]or details, contact www.solocup.com" appears immediately thereafter on at least some of the packaging identified in this paragraph.

24.    Denied.

25.    Solo admits that the products identified in this paragraph are not protected by any unexpired patents and are not subject to any pending patent applications. Solo is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

26.     Solo admits that the products identified in this paragraph are not protected by any unexpired patents and are not subject to any pending patent applications.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

27.     Denied.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Solo admits that the phrase identified in this paragraph is included on the packaging identified in this paragraph.  Further answering, Solo admits that the phrase "[f]or details, contact www.solocup.com" appears immediately thereafter on at least some of the packaging identified in this paragraph.

32.     Denied.

33.     Solo admits that the products identified in this paragraph are not protected by any unexpired patents and are not subject to any pending patent applications.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

34.     Solo admits that the products identified in this paragraph are not protected by any unexpired patents and are not subject to any pending patent applications.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

35.    Solo admits that the products identified in this paragraph are not protected by any unexpired patents and are not subject to any pending patent applications.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

36.    Denied.

37.    Solo incorporates herein each of its responses given above for paragraphs 1-36.

38.    Because the allegations in this paragraph are vague and/or confusing, Solo is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies them.

39.    Solo interprets the term "unpatented," as used in this paragraph, to mean "unpatented" as used in 35 U.S.C. § 292, and on that basis denies the allegations in this paragraph.

40.    Solo interprets the term "unpatented," as used in this paragraph, to mean "unpatented" as used in 35 U.S.C. § 292, and on that basis denies the allegations in this paragraph.

41.    Solo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies them.

42.    Solo admits that the '797 patent is expired.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies them.

43.    Solo admits that the '569 patent is expired.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies them.

44.    Solo admits that it has applied for and obtained U.S. and foreign patents at various times throughout its history.  Solo also admits that it has been involved in litigation relating to patents.  Because the remaining allegations in this paragraph are vague and/or confusing, Solo is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies them.

45.    Because the allegations in this paragraph are vague and/or confusing, Solo is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies them.

46.    Solo admits that it stated in trademark opposition proceedings noted in this paragraph that the '569 patent expired as of October 23, 2003.  Because the remaining allegations in this paragraph are vague and/or confusing, Solo is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies them.

47.    Solo interprets the term "patented," as used in this paragraph, to mean "patented" as used in 35 U.S.C. § 292, and on that basis denies the allegations in this paragraph.

48.    Solo interprets the term "patented," as used in this paragraph, to mean "patented" as used in 35 U.S.C. § 292, and on that basis denies the allegations in this paragraph.

49.    Denied.

50.    Solo incorporates herein each of its responses given above for paragraphs 1-49.

51.    Solo admits that the products identified in this paragraph are not protected by any unexpired patents and are not subject to any pending patent applications.  Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

52. Denied.

53. Solo denies that every person in the United States is a potential competitor of Solo with respect to the lid products identified in the Amended Complaint. Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies them.

54. Solo denies that every company in the United States is a potential competitor of Solo with respect to the lid products identified in the Amended Complaint. Solo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies them.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## **PRAYER FOR RELIEF**

These paragraphs set forth the prayer for relief requested by Pequignot to which no response is required. Solo denies that Pequignot is entitled to any of the requested relief, and it denies any allegations set forth in these paragraphs.

## AFFIRMATIVE DEFENSES

1.     Pequignot lacks standing to assert claims of false marking under 35 U.S.C. § 292 against Solo, and Pequignot's Amended Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

2.     Pequignot's Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

3.     Pequignot's claims are limited by the applicable statute of limitations.

4.     Pequignot's claims are barred by the doctrine of laches and/or estoppel.

5.     Solo has not falsely marked any product, for the purpose of deceiving the public, in violation of 35 U.S.C. § 292.

6.     The relief requested by Pequignot exceeds what is permissible under the law.

7.     Pequignot's damages claims with respect to what constitutes an "offense" under 35 U.S.C. § 292 exceed what is permissible under the law.

## REQUEST FOR RELIEF

Solo respectfully requests that the Court enter judgment against Pequignot and award Solo the following relief:

(a)     That the Court dismiss, with prejudice, Pequignot's Amended Complaint against Solo;

(b)     That the Court award Pequignot nothing by way of his Amended Complaint against Solo;

(c)     That the Court declare that Solo has not falsely marked any products, for the purpose of deceiving the public, in violation of 35 U.S.C. § 292;

(d)     That Solo be awarded its reasonable costs, expenses, and attorneys' fees in this

action, as this is an exceptional case; and

(e)     That Solo be awarded further relief as the Court may deem just and proper.

Dated: March 7, 2008                     Respectfully submitted,

                                         _____/s/_____

                                         Mary C. Zinsner, Esquire
                                         Virginia bar number 31397
                                         Attorney for Solo Cup Company
                                         TROUTMAN SANDERS LLP
                                         1660 International Drive, Suite 600
                                         McLean, VA 22102
                                         Phone: 703-734-4363
                                         Fax: 703-734-4340
                                         mary.zinsner@troutmansanders.com


                                         James R. Sobieraj, Esquire
                                         Jason C. White, Esquire
                                         Laura Lydigsen, Esquire
                                         Attorneys for Solo Cup Company
                                         BRINKS HOFER GILSON & LIONE
                                         NBC Tower-Suite 2500
                                         455 N. Cityfront Plaza Dr.
                                         Chicago, IL 60611
                                         Phone: 312-321-4200
                                         Fax: 312-321-4299
                                         jsobieraj@usebrinks.com
                                         jwhite@usebrinks.com
                                         llydigsen@usebrinks.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

And I hereby certify that I will electronically mail and mail the document by U.S. mail to the following non-filing user:

> Matthew A. Pequignot, *Pro Se*
> 1636 R Street, NW
> Third Floor
> Washington, D.C.  20009
> Telephone:  (202) 328-1200
> Facsimile:  (202) 328-2219
> mpequignot@pmiplaw.com
>
> *Plaintiff*

> _____ /s/ _____
> Mary C. Zinsner, Esquire
> Virginia bar number 31397
> Attorney for Solo Cup Company
> Troutman Sanders LLP
> 1660 International Drive, Suite 600
> McLean, VA  22102
> Phone:  703-734-4363
> Fax:  703-734-4340
> mary.zinsner@troutmansanders.com

#358484v1