IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW A. PEQUIGNOT, | ) |
| Plaintiff | ) |
| v. | ) 1:07cv897 (LMB/TCB) |
| SOLO CUP COMPANY, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT SOLO CUP COMPANY'S OPPOSITION TO THE BRIEF OF THE UNITED STATES AS INTERVENOR DEFENDING THE CONSTITUTIONALITY OF 35.U.S.C. § 292**

In its latest filing challenging the constitutionality of 35 U.S.C. § 292, defendant Solo Cup Company ("Solo Cup") repeats many of the same arguments that it made earlier in connection with its motion to dismiss. *See* D's Opp'n to Br. of United States as Intervenor [D.E. 90]; D's Br. in Supp. of Mot. to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 34]; D's Reply Br. [D.E. 48]. Mr. Pequignot already has demonstrated in his papers in opposition to the motion to dismiss, and in his recent response to the United States' brief defending the constitutionality of Section 292, that Solo Cup's arguments must be rejected because they cannot be squared with the holding or reasoning of *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765 (2000). Nor can they be squared with the plain meaning of the Take Care Clause. *See* Pl's Opp'n to Solo Cup Co.'s Mot. to Dismiss [D.E. 45]; Pl's Resp. to Br. of United States as Intervenor [D.E. 92]. Mr. Pequignot respectfully submits this response solely to

2104919.1

address three new arguments raised in Solo Cup's latest filing. For the reasons set forth below, these arguments also must be rejected.

First, Solo Cup argues for the first time that the United States and Mr. Pequignot have adopted one explanation for Mr. Pequignot's status in this case to address the Article III challenge and another explanation to address the Article II challenge. *See* D's Opp'n to Br. of United States as Intervenor at 1, 3-4, 7. According to Solo Cup, Mr. Pequignot cannot both be a representative of the United States' interests as a *qui tam* relator and be free of any control by the United States in his prosecution of the claims. Solo Cup's argument mischaracterizes the position stated by Mr. Pequignot and the United States and the legal implications of assignment.

As Mr. Pequignot and the United States have made clear in their papers, and as the U.S. Supreme Court made clear when describing the role of *qui tam* relators in *Vermont Agency*, 529 U.S. at 772-774, Mr. Pequignot is not acting in this case a designated representative, or agent of, the United States. *See* U.S. Br. [D.E. 89] at 14, 19-21; Pl's Resp. to Br. of United States as Intervenor at 4-5. Rather, he is the partial assignee of the United States' claims for injuries arising from the violation of its laws. As the partial assignee of the claims, subject to the United States' right to intervene, Mr. Pequignot may litigate the claims as he chooses. This is how assignment works in other contexts, and should not be any different in this context. *See, e.g., Sprint Communc'ns Co., L.P. v. APCC Servs., Inc.,* 128 S. Ct. 2531, 2544 (2008) (assignees of claims "assert what are, due to that transfer, legal rights of their own") (emphasis in original); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,* 549 F.3d 100, 108-109 (2d Cir. 2008) (contrasting power-of-attorney, which grants attorney-in-fact "the authority to make some

2

decisions concerning litigation," to having an "ownership stake" in claims pursuant to a valid assignment). Nor is the fact that Mr. Pequignot can control the prosecution of the case inconsistent with the Take Care Clause. Enforcing federal laws is not the exclusive province of the Executive Branch. Indeed, Congress frequently enlists private attorneys general and *qui tam* relators for that purpose. Pl's Resp. to Br. of United States as Intervenor at 5-7; U.S. Br. at 15-16.

<u>Second</u>, Solo Cup argues for the first time that Section 292 is like the Medicare Secondary Payer ("MSP") Act, 45 U.S.C. § 1395y(b)(3)(A), which several courts have held is not a *qui tam* statute. *See* D's Opp'n to Br. of United States as Intervenor at 9-10. In making this assertion, Solo Cup suggests that Section 292 does not make a partial assignment of the United States' claims and that a person suing under Section 292 could only have standing if he had his own injury-in-fact. By its own terms, however, Section 292 expressly assigns "one-half" of any recovery to "[a]ny person." 35 U.S.C. § 292(b).

In sharp contrast to Section 292, the MSP Act authorizes "a private cause of action for damages." 42 U.S.C. § 1395y(b)(3)(A). This is not the language of a *qui tam* statute, which is designed to redress injuries to the sovereignty of the United States, not to pursue damages for personal injuries. *Vermont Agency*, 529 U.S. at 771. In addition to this provision creating a private cause of action, the MSP Act has a separate provision creating a cause of action for the United States to remedy its injury, thus highlighting the difference between claims for personal injuries and for injuries to the United States. *Compare* 42 U.S.C. § 1395y(b)(2)(B)(iii) *with* 42 U.S.C. § 1395y(b)(3)(A). Again, in sharp contrast to Section 292 and the False Claims Act, 31 U.S.C. §§ 3729-3733, Congress did not assign part of the United States' claim for injuries arising from the

2104919.1

violation of the MSP Act. It is therefore not surprising that the Supreme Court included the False Claims Act and Section 292, but not the MSP Act, in a list of *qui tam* statutes in *Vermont Agency*, 529 U.S. at 768 n.1.[1]

<u>Third</u>, Solo Cup argues for the first time that *Mohawk Indus., Inc. v. Interface, Inc.*, 2008 WL 5210537 (N.D. Ga. Nov. 6, 2008), demonstrates that the "any person" to which Section 292 refers must have a particularized injury in order to have standing. *See* D's Opp'n to Br. of United States as Intervenor at 11-12. However, the court in *Mohawk* determined that a competitor had suffered an injury in fact without considering whether such an injury was necessary for standing. The court did not analyze the holding in *Vermont Agency*, nor did it suggest that the Section 292 plaintiff would have lacked standing had it not been a competitor.

Moreover, contrary to Solo Cup's contention that no court has considered the meaning of "any person," in Section 292, D's Opp'n to Br. of United States as Intervenor at 11, an early decision interpreting the statute did consider the meaning, observing:

> One half of any recovery in such suits may go to whomsoever it may please to sue, though the plaintiff have no special interest in the subject, and may not have sustained any actual injury. It is an action qui tam for the use of the informed and the government.

---

[1] For similar reasons, Solo Cup's attempt to draw a parallel between Section 292 and the Lanham Act, 15 U.S.C. § 1125, makes no sense. *See* D's Opp'n to Br. of United States as Intervenor at 11. The Lanham Act limits initiation of a lawsuit to "any person who believes that he or she is likely to be damaged by such act," 15 U.S.C. § 1125, which clearly demonstrates an intent to limit suit to those with a personal injury. Moreover, Solo Cup is wrong to rely on *Made in the USA Found. v. Phillips Foods, Inc.*, 365 F.3d 278 (4th Cir. 2004). In that case, the court did not base its finding that commercial competitors, but not consumers, have standing under the statute on constitutional principles. Rather, the court focused on Section 45 of the Lanham Act which states: "[t]he intent of [the Act] is . . . to protect persons engaged in [congressionally regulated] commerce against unfair competition." *Id*. at 279-80. Of course, no similar provision can be found in Section 292.

*Pentlarge v. Kirby*, 19 F. 501, 503 (D.C.N.Y. 1884). This interpretation is consistent with the plain meaning of the statute, as well as partial assignment, and should therefore be adopted in this case.[2]

For these reasons, the reasons set forth in Mr. Pequignot's opposition to Solo Cup's motion to dismiss [D.E. 45], and the reasons set forth in Mr. Pequignot's response to the United States' brief defending the constitutionality of Section 292 [D.E. 92], Solo Cup's motion to dismiss should be denied.

Dated: January16, 2008                     Respectfully submitted,

/s/ Ellen D. Marcus
Ellen D. Marcus
Virginia Bar. No. 44314
Carl S. Kravitz (admitted *pro hac vice*)
Jane M. Ricci (admitted *pro hac vice*)
*Attorneys for Plaintiff Matthew A. Pequignot*
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 778-1800 (telephone)
(202) 822-8106 (facsimile)
emarcus@zuckerman.com
ckravitz@zuckerman.com
jricci@zuckerman.com

Mia K. Poston
Virginia Bar No. 68548
*Attorney for Plaintiff Matthew A. Pequignot*
PEQUIGNOT + MYERS, LLC
1636 R Street, N.W., Third Floor

---

[2] Solo Cup also asserts that, because a competitor may be injured by false marking, Section 292 lacks the "hallmark" of *qui tam* statutes that the United States is the only party able to demonstrate a proprietary injury. D's Opp'n to Br. of United States as Intervenor at 8-9. Solo Cup's legal premise is wrong. The cases that it cites stand merely for the proposition that, in a *qui tam* action, the United States has suffered an injury. They do not suggest that <u>only</u> the United States may have suffered an injury for the statute to be a valid *qui tam* statute.

2104919.1

                                      Washington D.C.  20009
                                      (202) 328-1200 (telephone)
                                      (202) 328-2219 (facsimile)
                                      mposton@pmiplaw.com

2104919.1

## CERTIFICATE OF SERVICE

I certify that on January 16, 2009, I electronically filed Plaintiff's Response to Defendant Solo Cup Company's Opposition to the Brief of the United States as Intervenor Defending the Constitutionality of 35 U.S.C. § 292 using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.

/s/ Ellen D. Marcus
Ellen D. Marcus

2104919.1