**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| MATTHEW A. PEQUIGNOT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOLO CUP COMPANY, )<br>)<br>Defendant. ) | Civil No. 1:07-CV-897-LMB-TCB |

**DEFENDANT SOLO CUP COMPANY'S SUPPLEMENTAL BRIEFING ON ITS
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

In accordance with this Court's oral request made during the January 30, 2009 hearing on the constitutionality of 35 U.S.C. § 292, defendant Solo Cup Company ("Solo") submits this supplemental brief addressing governmental enforcement of § 292 and the nature (criminal or civil) of that section.

**I.      Governmental Enforcement of 35 U.S.C. § 292.**

The Court requested supplemental briefing on governmental mechanisms of enforcement of § 292, particularly whether that section could be enforced by the Federal Trade Commission ("FTC"). (Tr. of Jan. 30, 2009 at p. 27, ll. 10-16.)

Section 292 itself cannot be enforced by the FTC. Agencies have only the authority given them by Congress. *See La. Public Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986) ("an agency literally has no power to act . . . unless and until Congress confers power upon it"); *N.C. v. EPA*, 531 F.3d 896, 922 (D.C. Cir. 2008) (the EPA, as an agency, is a "creature of statute, and has only those authorities conferred upon it by Congress") (citations omitted). Solo has not been able to locate any statutory enactment that would authorize the FTC to enforce § 292.

The FTC does, however, have jurisdiction to prevent corporations "from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce," and the FTC may "commence a civil action to recover a civil penalty in a district court of the United States against any . . . corporation which violates any rule under [the FTC Act ("FTCA")] respecting unfair or deceptive acts or practices . . . ." 15 U.S.C. §§ 45(a)(2); 45(m)(1)(A).  Hence, as noted in Solo's Memorandum in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1), (Dkt. 34, at 14), the FTC *would* have authority to act if the conduct constituting false marking was found to meet the definition of an "unfair or deceptive act or practice" under the FTCA, but any such action would not be an enforcement of § 292 itself.

Although the FTC does not have jurisdiction to bring an action under § 292, the Attorney General, through the Department of Justice, may enforce § 292(a) directly.  The Attorney General has responsibility for litigating all criminal prosecutions and civil suits in which the United States has an interest.  28 U.S.C. §§ 515, 516.  It would therefore appear that § 292(a) could be enforced by the Attorney General.

## II.    35 U.S.C. § 292 as a Criminal or Civil Statute

During the January 30, 2009 hearing, counsel for the government asserted that § 292(a) is a criminal provision.  (Tr. of Jan 30, 2009 at p. 5, ll. 16-18 ("It would seem to me that the, if we went in under 292(a), the statute appears to contemplate that that is a criminal action . . . .").)  Solo noted that interpreting § 292 as a criminal provision "raises a whole other layer of issues especially in Article II that have not been addressed." (*Id.* at

p. 17, ll. 7-9.)  The Court then requested supplemental briefing on the "criminal enforcement issue[1]." (*Id.* at p. 27, ll. 16-17.)

### A. The Supreme Court Framework for Determining Whether a Statute is Civil or Criminal.

The Supreme Court has explained that whether a statute is civil or criminal is "a question of statutory construction," *Smith v. Doe*, 538 U.S. 84, 92 (2002), although the determination is often "extremely difficult and elusive of solution," *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168 (1963).  The first step, although not determinative, is to determine "whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other." *Smith*, 538 U.S. at 93.  Considerations such as the manner of the statute's codification and the enforcement procedures it establishes are probative of legislative intent.  *Id.* at 94.  The Court has also provided several additional factors to be considered, although they are "neither exhaustive nor dispositive." *Id.* at 97.  These are (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a

---

[1] During the January 30 hearing, government counsel made a statement that could be interpreted as suggesting that the 1952 amendments to § 292 altered the statute from a criminal provision to a hybrid provision, with § 292(a) allowing the government to bring criminal prosecutions and § 292(b) now permitting civil actions by private persons. (Tr. of Jan. 30, 2009 at p. 29, l. 18-p. 30, l. 5 ("I note that the Senate Report in 1952, when on the current version of section 292 was re-jiggered in the past, the Senate Report says . . . But this section revises it and makes a few changes, and also makes it an ordinary criminal action as well as an informer action . . . .").)  However, this suggestion seems to be misplaced as all prior versions of the statute also appear to provide for actions by private persons.  *See, e.g.,* S. 220, 27th Cong. § 5 (2d Sess. 1842) (" . . . one half of which penalty, as recovered, shall be paid to the patent fund, and the other half to any person or persons who shall sue for the same"); S. 424, 36th Cong. § 20 (1st Sess. 1860) (" . . . he shall be liable to a penalty of one hundred dollars, one half to him who shall sue for and recover, and the other half to the patent fund").  Accordingly, the 1952 amendments to the false marking statute do not appear to create a private right of action that did not previously exist.

3

punishment; (3) whether a finding of scienter is required; (4) whether its operation promotes the traditional aims of punishment: retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose is assignable to it; and (7) whether it appears excessive in relation to the alternative purpose. *Kennedy*, 372 U.S. at 168.

Application of these factors to § 292 does not provide a definitive conclusion for the statute being criminal or civil in nature, as some factors seem to weigh in favor of a criminal construction, while others seem to weigh in favor of a civil construction. Although § 292 refers to a maximum "fine" of $500 and refers to this as "the penalty," "both criminal and civil sanctions may be labeled 'penalties.'" *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 364 n.6. (1984). The Senate Report issued with the statute's revision in 1952 states that "Section 292 is a criminal statute." S.R. 82-1979 (1952), *reprinted in* 1952 U.S.C.C.A.N. 2394, 2403. Likewise supporting a criminal interpretation, scienter is a requirement for a violation of § 292 ("for the purpose of deceiving the public"). Conversely, the sanction (a maximum $500 fine) does not involve an affirmative disability or restraint, which supports a civil interpretation, as does the lack of any enforcement procedures. *See Smith*, 538 U.S. at 96 ("The Act itself does not require the procedures adopted to contain any safeguards associated with the criminal process. That leads us to infer that the legislature envisioned the Act's implementation to be civil and administrative."). Accordingly, application of the factors noted by the Supreme Court do not clearly indicate whether § 292 is civil or criminal.

### B.     Case Law Treatment of § 292 as Civil or Criminal.

Although courts have not applied the Supreme Court's framework for determining whether a statute is civil or criminal to § 292, several courts have stated that § 292 is either civil or criminal, albeit usually with no analysis of the issue.

The Federal Circuit, for example, has jurisdiction over civil actions relating to patents. 28 U.S.C. § 1295(a)(1). That court, without analysis, has described § 292 as "suppl[ying] a civil fine for false marking of articles." *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). Likewise, the court in *Filmon Process Corp. v. Spell-Right Corp.*, 404 F.2d 1351, 1355 (D.C. Cir. 1968), rejected defendant's argument that plaintiff could not appeal its loss under § 292 because it was a criminal provision, and an appeal would violate defendant's double jeopardy protections. The court found that "§ 292(b), while penal, is not a criminal statute." *Id.* A district court has also held that requiring a corporate defendant to produce discovery in a § 292 action did not violate protections against self-incrimination, because "an action under Section 292 of the Patent Act, which may lead to the imposition of a penalty, is not a criminal cause." *Sippit Cups, Inc. v. Michael's Creations, Inc.*, 180 F. Supp. 58, 61 (E.D.N.Y. 1960). And, of course civil actions by competitors alleging harm from false marking have been permitted to proceed. *See, e.g., Mohawk Indus., Inc. v. Interface, Inc.*, No. 07-212, 2008 WL 5210537, *3 (N.D. Ga. Nov. 6, 2008). In contrast to these cases, the Second Circuit, without analysis, has stated that "[f]ederal law makes patent mismarking a criminal offense," citing to § 292. *Boyd v. Schildkraut Giftware Corp.*, 936 F.2d 76, 79 (2d Cir. 1991).

5

It therefore remains unsettled whether § 292 is a civil or criminal statute. It is not necessary for this Court to resolve this issue, however, as Solo's arguments on the Article II and Article III infirmities of § 292 do not depend on whether that statute is civil or criminal.

### III. If 35 U.S.C. § 292 is a Criminal Statute, Additional Constitutional Issues Make Pequignot an Improper Plaintiff.

As noted above, the issue of whether § 292 is a criminal or civil statute was raised for the first time at the January 30 hearing, and resulted in a request for additional briefing by the Court. Solo notes that if § 292(a) is interpreted as a criminal provision, as urged by the government, additional constitutional issues arise for the plaintiff.

#### A. Private Parties Cannot Bring Criminal Actions.

The government argues that § 292(a) is criminal, and § 292(b) permits a civil suit by a private person. (Tr. of Jan. 30, 2009 at p. 28, ll. 3-14.) However, the language of the statute itself makes this interpretation problematic. Section 292(a), alleged to be criminal by the government, provides that a violation will result in a fine of "not more than $500 for every such offense." Section 292(b), however, refers back to subsection (a) in stating that "[a]ny person may sue for *the penalty*." (emphasis added) Under the government's construction "the penalty" referred to is a criminal penalty. A private person, however, cannot bring an action for a criminal penalty. *See Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) ("Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime, such as arrest by an officer on probable cause or pursuant to a warrant, prompt presentment for

6

preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and, in this case, indictment by a grand jury."). Accordingly, if the penalty noted in § 292(a) is criminal in nature, an individual cannot seek to recover the penalty under § 292(b).

A finding that § 292(a) provides a criminal penalty would also present further support for Solo's Article II arguments, as the plaintiff suing for the criminal penalty would not be subject to control by the Executive Branch. As explained in Solo's prior brief on the constitutionality of § 292, *Morrison v. Olsen*, 487 U.S. 654, 696 (1988), held that Article II requires the Executive Branch to exercise "significant control" over the litigation when an independent counsel appointed by Congress brings a criminal action. An even higher standard than "significant control" by the Executive Branch would be required to permit a criminal action by a private party under Article II, however. And, under § 292(b), there is no Executive Branch control at all.

> [I]n contrast to independent counsel who undertake functions relevant to a criminal prosecution, relators are simply civil litigators. No function cuts more to the heart of the Executive's constitutional duty to take care that the laws are faithfully executed than criminal prosecution. Since the advent of public prosecutions in the United States, no private citizen can subject another private citizen to the unique and virtually unfettered powers of a criminal prosecutor . . . The burden of criminal investigation cannot be imposed on any target unless the investigator has been duly clothed with the power of the state through a process that is legally and politically accountable.

*Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 755 (5th Cir. 2001) (en banc) (internal citations omitted). Interpreting § 292(a) as a criminal provision, and the fine referenced therein as a criminal penalty, therefore, creates additional Article II problems for a private person suing for that criminal penalty under subsection (b).

7

**B.    A Sovereign Injury, Which Can Provide the Government With Standing to Pursue a Criminal Action, Cannot be Assigned to an Individual to Provide the Individual With Standing to Pursue a Civil Action.**

The government and the plaintiff have argued that plaintiff's only basis for standing is that he has been partially assigned the government's injury-in-fact, based on the Supreme Court's holding in *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771-73 (2000). (*See e.g.*, Gov't Br. at 3 [Dkt. 89]; and Pl. Br. at 3 [Dkt. 92].) However, the Supreme Court found standing in the *Vermont Agency* case based on an assignment of the Government's proprietary injury – a monetary injury resulting from the alleged fraud – not an assignment of a sovereign injury. If § 292(a) is criminal in nature, the harm the statute addresses is a sovereign injury of the government. *See Vt. Agency*, 529 U.S. at 771 (noting that a sovereign injury gives the Government the ability to pursue a criminal action). Indeed, the government appears to concede that the injury-in-fact in this case is a sovereign injury resulting from an alleged violation of the statute. (Gov't Br. at 10.) Sovereign injuries, however, cannot be assigned to a private citizen.

A private citizen cannot be assigned a sovereign injury-in-fact because it is a right that is personal to the government. The law governing the assignability of rights has a long history in both the private and public law contexts.[2] In the area of private rights, "only property rights and the concomitant power to bring suit to enforce those rights are assignable; the right to enforce liberty or other non-monetary interests is not." Myriam E.

---

[2] The traditional rule that only property rights may be assigned included "all claims arising from contracts express or implied, with certain well-defined exceptions, and those arising from torts to real or personal property, and from frauds, deceits, and other wrongs whereby an estate, real or personal, is injured, diminished, or damaged." 3 John Norton Pomeroy, Equity Jurisprudence § 1275 (Spencer Symons ed., 5th ed. 1941).

8

Gilles, *Representational Standing: U.S. ex rel. Stevens and the Future of Public Law Litigation*, 89 Cal. L. Rev. 315, 342-44 (2001) (citations omitted) (hereinafter "Gilles").

The personal versus proprietary fault-line developed in the private law context applies equally to the public law context, dividing the landscape into sovereign and proprietary interests. *Id*. This is so because a sovereign interest (like a personal interest) arises only from a violation of federal law, not a concrete injury to government property. On the other hand, a proprietary interest (like a property interest) arises due to damage to the government's property. Therefore, the private law's prohibition of assigning a personal right is analogous to the public law's prohibition on assigning a sovereign right.

The principle that only a proprietary interest can be assigned is confirmed by the reasoning in *Vermont Agency*. In finding standing for an individual plaintiff, the Supreme Court referred to several cases that "entertained" representational standing,[3] but in each of these cases, there was an assignment/representation of a proprietary injury to the government, not a sovereign injury. *Vt. Agency*, 529 U.S. at 573-74; *see also* Gilles, 89 Cal. L. Rev. at 342 & n.153. The Supreme Court in the *Vermont Agency* case did not

---

[3] The Court refers to: "*Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 465, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 829, 70 S.Ct. 894, 94 L.Ed. 1312 (1950); *Hubbard v. Tod*, 171 U.S. 474, 475, 19 S.Ct. 14, 43 L.Ed. 246 (1898) - and also suits by subrogees, who have been described as "equitable assign[ees]," L. Simpson, *Law of Suretyship* 205 (1950); *see, e.g.*,*Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 531, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995); *Musick, Peeler & Garrett v. Employers Ins. of Wausau*, 508 U.S. 286, 288, 113 S.Ct. 2085, 124 L.Ed.2d 194 (1993)." *See Vt. Agency*, 529 U.S. 765, 774.

hold, or even suggest, that a governmental sovereign injury could be assigned to the plaintiff to provide it with Article III standing.[4]

If § 292(a) is criminal in nature and defines only a sovereign harm, any injury in fact resulting from a sovereign harm cannot be assigned to a private citizen plaintiff. Accordingly, the only injury in fact alleged in this case cannot be assigned to the plaintiff, and this suit must be dismissed for a lack of standing under Article III.

## IV. CONCLUSION

Allowing a private citizen plaintiff to bring an action under § 292 violates Article II's Take Care clause whether § 292 is deemed criminal or civil in nature. Indeed, the same lack of *any* Executive Branch control that makes a private citizen's civil enforcement of § 292 unconstitutional also makes private citizen criminal enforcements (which have an even higher requirement of Executive Branch control) unconstitutional.[5] In addition, if § 292 is criminal—therefore defining only a sovereign harm—there can be no assignment of such harm to a private citizen plaintiff. Without such assignment, there can be no Article III standing in this case.[6] Accordingly, Solo respectfully submits that under both Article II and Article III, Solo's Motion to Dismiss should be granted.

---

[4] *See also* Woolhandler, 102 Mich. L. Rev. at 694 ("American courts have traditionally drawn partly upon general principles of jurisprudence and partly upon distinctively American ideas about popular sovereignty, limited government, and the separation of powers . . . . it is worth noting at the outset the ubiquity of the twin ideas of public control over public rights and private control over private rights.").

[5] Solo agrees with the comment made by the Court during the January 30, 2009 hearing that § 292(a) would remain constitutional if § 292(b) were rendered unconstitutional. Under this framework, the government would still retain the ability to bring actions under § 292(a), while removing the problematic enforcement mechanism of § 292(b).

Dated: February 6, 2009                    Respectfully submitted,

                                                /s/ Mary C. Zinsner
Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
Attorneys for Solo Cup Company
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutmansanders.com
mohsin.reza@troutmansanders.com


Jason C. White (admitted *pro hac vice*)
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, IL  60654
Telephone: 312-595-1239
Fax: 312-595-2250
whitej@howrey.com

---

[6] As discussed in Solo's prior briefs, Solo believes that § 292 does not contain any language that would allow for a partial assignment of the government's rights in a civil action, either.

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2009, I will electronically file with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Ellen D. Marcus, Esquire
>Zuckerman Spaeder LLP
>1800 M Street, N.W.
>Washington, D.C.  20036
>Telephone: (202) 778-1800
>Facsimile: (202) 822-8106
>Email: emarcus@zuckerman.com
>
>Mia K. Poston, Esquire
>Pequignot + Myers, LLC
>1636 R Street, NW
>Third Floor
>Washington, D.C.  20009
>Telephone: (202) 328-1200
>Facsimile: (202) 328-2219
>Email: mposton@pmiplaw.com
>
>*Counsel for Plaintiff*
>
>Steven E. Gordon
>United States Attorney's Office
>2100 Jamieson Ave.
>Alexandria, VA  22314
>Telephone: (703) 299-3700
>Email: steve.gordon@usdoj.gov
>
>*Counsel for United States of America*

>/s/ Mary C. Zinsner
>Mary C. Zinsner (VSB No. 31397)
>S. Mohsin Reza (VSB No. 75347)
>Attorneys for Solo Cup Company
>TROUTMAN SANDERS LLP
>1660 International Drive, Suite 600
>McLean, Virginia 22102
>Telephone: (703) 734-4334

Facsimile: (703) 734-4340
mary.zinsner@troutmansanders.com
mohsin.reza@troutmansanders.com