IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED JUN 15 2009 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

MATTHEW A. PEQUIGNOT, )
        Plaintiff, )
        v. ) 1:07cv897 (LMB/TCB)
SOLO CUP COMPANY, )
        Defendant. )

## ORDER

Defendant Solo Cup Company ("Solo Cup") has filed a Motion to Strike Plaintiff's Summary Judgment Motion and Supporting Pleadings [174], arguing that plaintiff Matthew Pequignot ("Pequignot") has violated Local Rules 7(F)(3) and 56(B) by filing a separate Statement of Material Facts that, when combined with his summary judgment brief, exceeds the 30-page limit for opening briefs.

Solo Cup's motion has merit. Local Rule 7(F)(3) provides, in part: "Except for good cause shown in advance of filing, opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) 8/1/2 inch x 11 inch pages double spaced." Local Rule 56(B) requires that "[e]ach brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts to which the moving party contends there is no genuine issue and citing the parts of the record relied upon to support the listed facts" (emphasis added). These rules are unambiguous.

They require that the listing of material facts be "include[d]" in the brief in support of summary judgment, and, therefore, that the brief, inclusive of the statement of material facts, not exceed thirty pages. See Mann v. Heckler & Koch Defense, Inc., No. 1:08cv611, 2009 U.S. Dist. LEXIS 36954 (E.D. Va. April 30, 2009). Pequignot's memorandum [159] and statement of undisputed facts [159 Ex. A] are each 23 pages, and together total 46 pages; accordingly, they clearly violate Local Rules 7(F)(3) and 56(B).[1]

Moreover, the Court finds that Solo Cup has been prejudiced by plaintiff's violation of the Local Rules. Four days before the summary judgment briefs were due, the parties filed a joint motion [155] to increase the page limit for those briefs. The Court issued an Order [156] denying that motion. Solo Cup filed a brief complying with the Local Rules, and Pequignot did not. It would be prejudicial to Solo Cup to allow Pequignot the benefit of a page limit extension that the Court explicitly declined to grant.

It is "well within [a district court's] discretion" to fashion a sanction for violation of the Local Rules. Iota Xi

---

[1] Although plaintiff has apparently attempted to comply with Local Rule 56(B) by including in his brief a section titled "Undisputed Facts," this section repeatedly cites, as its source, the separately-filed, much lengthier, Statement of Material Facts, which in turn cites to the record itself. This fails to comply with Rule 56(B), which, in requiring that the statement of facts in the brief cite to the record itself, prohibits the sorts of tactics plaintiff has used here.

Chapter Of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 2009 WL 1314710, at *9 (May 13, 2009) (upholding this Court's decision to strike the final two pages of 32-page brief). The Court finds that the appropriate sanction under these circumstances is to strike Pequignot's motion and accompanying pleadings, allow Pequignot to file a new motion and memorandum that complies with the rules, and grant defendant a brief extension of time to file its response. Accordingly, defendant's motion to strike [174] is GRANTED, and it is hereby

ORDERED that plaintiff's Motion for Partial Summary Judgment [157] and all accompanying pleadings be and are stricken, and it is further

ORDERED that plaintiff has leave to re-file his summary judgment motion and any accompanying pleadings until 4:00 p.m. on Thursday, June 18, 2009, and it is further

ORDERED that defendant may file any response to plaintiff's summary judgment motion by 11:59 p.m. on Thursday, June 25, 2009, and it is further

ORDERED that plaintiff's reply to defendant's response remains due on June 29, 2009.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 15th day of June, 2009.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

-3-