**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| MATTHEW A. PEQUIGNOT,            )<br>                                                     )<br>            Plaintiff,                          )<br>                                                     )  Civil No. 1:07-CV-897-LMB-TCB<br>      v.                                          )<br>                                                     )<br>SOLO CUP COMPANY,                )<br>                                                     )<br>            Defendant.                      )<br>                                                     ) | |

**DEFENDANT SOLO CUP COMPANY'S REPLY
IN SUPPORT OF ITS
<u>REVISED BILL OF COSTS</u>**

Jason C. White (admitted *pro hac vice*)
Robert W. Unikel (admitted *pro hac vice*)
HOWREY LLP
321 North Clark Street
Suite 3400
Chicago, IL 60654
Telephone: 312-595-1239
Facsimile:  312-595-2250
whitej@howrey.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone:  (703) 734-4334
Facsimile:   (703) 734-4340
mary.zinsner@troutmansanders.com
mohsin.reza@troutmansanders.com

*Attorneys for Solo Cup Company*

Pursuant to Local Rule 54, Defendant Solo Cup Company ("Solo Cup") replies to Plaintiff Matthew A. Pequignot's Objections to its Resubmitted Bill of Costs, and has filed a newly revised Bill of Costs.

## INTRODUCTION

On September 30, 2009, Solo Cup re-filed its Bill of Costs as ordered by the Court at the September 29, 2009 hearing.  Pequignot's objections have made Solo Cup aware that its Bill of Costs inadvertently still contained certain expenses that should have been deducted pursuant to the Court's instructions during the September 29 hearing.  These errors were caused by a miscommunication concerning this Court's instructions and erroneous deposition invoices from Esquire Deposition Services ("Esquire").

## DISCUSSION

Pequignot has pointed out three errors: i.) that Solo Cup's Bill of Costs still included certain ancillary costs for deposition services, ii.) that Solo Cup's Bill of Costs contained erroneous and duplicative invoices issued by Esquire for certain depositions, and iii.) that Solo Cup included charges for two audio CDs of court hearings.  Solo Cup's lead counsel relied upon transmission of the in-court instructions from local counsel in preparing the revised Bill of Costs, as Solo Cup was ordered to resubmit its Bill of Costs less than 24 hours after the hearing.  A hearing transcript was thus not available, and the Order issued following the hearing did not contain the specific instructions given by the Court during the hearing.  Solo Cup therefore prepared the revised Bill of Costs by subtracting the costs of Pequignot's deposition, the fees for expediting the remaining depositions, and the extra costs associated with court hearing transcripts, but was unaware that the court also wanted indexing, formatting, and all other ancillary deposition costs removed.  Now that Solo Cup has obtained the transcript, it realizes that the resubmitted Bill of Costs should not have included any ancillary deposition expenses. Solo Cup has corrected its error to include only the standard $2.80 per page deposition charge in

addition to exhibit costs.  (*See* Exs. A, B).  The correct total for deposition services is thus $4,753.55.

The second error was caused by two incorrect invoices from Esquire, which was revealed to Solo Cup in Plaintiff's Opposition.  At no point during this litigation did Howrey have any reason to question the accuracy of these invoices.  Esquire never notified Howrey that it had been overcharged.  Howrey received two invoices for the depositions of Banach and Chauhan, one for the amount of $1,167.75 and another for $1,698.35.  Howrey believed that one invoice was for Banach and the other for Chauhan, whose depositions had both been conducted on the same day.  After receipt of the invoices, Howrey issued Disbursement Allocation Forms ("DAFs") for both of these invoices to its accounting offices in Washington, D.C.  (*See* Ex. C).  Howrey's accounts reflect, and Esquire has confirmed, that Howrey paid the invoice of $1,698.35, but had not yet issued a check to Esquire for the second invoice amount of $1,167.75.  (*See* Exs. D, E).  Therefore, Plaintiff's allegation that Howrey never paid $1,698.35 is incorrect.  Esquire's financial department has only now informed Howrey that only one of these invoices should have been issued for the cost of both the Banach and Chauhan depositions combined, in the amount of $1,167.75.  Esquire has agreed to reimburse $530.60 to Howrey for its overpayment.  (*See* Exs. E, F).  The Bill of Costs now reflects the proper amount, $1,167.75, for the Banach and Chauhan depositions.

The third error resulted from Solo Cup's inclusion of a $52.00 charge incurred for audio CDs of the court hearings on May 13 and 15, 2009.  As this Court knows, there are no court reporters present for discovery hearings before the magistrate judges.  The hearings are recorded electronically.  If a transcript is requested, the audio version is ordered so that the hearing can be transcribed.  Solo Cup believed that this was a proper cost to submit.  Nevertheless, the Bill of Costs has been corrected to show $548.15 is due, the cost of only the court hearing transcripts.  (*See* Ex. A).

Finally, Plaintiff argues that Solo Cup violated this Court's instructions by failing to submit itemized deposition invoices.  Neither the in-court instructions nor the Court Order stated

3

that Solo Cup must obtain and submit itemized deposition invoices. Solo Cup revised its Bill of Costs by relying on its original invoices from Esquire and by communicating with Esquire's Operating Manager to determine the amount of expedited expenses to be subtracted from each deposition invoice. Moreover, Solo Cup was completely transparent in showing the amounts it subtracted in the Revised Bill of Costs were for expedition fees; it attached both the invoices and its email communications with Esquire to its re-filed Bill of Costs. It is thus clear that Solo Cup believed that it was fully in compliance with the Court's instructions.

## CONCLUSION

After careful investigation into Plaintiff's objections, Solo Cup has corrected its Bill of Costs to reflect $4,482.80 for deposition transcript costs, $270.75 for deposition exhibit costs, $548.15 in court hearing transcripts, and $250.00 in pro hac vice fees. Solo Cup therefore asks the Court to reimburse it in the total amount of $5,551.70.

Dated: 10/26/2009                                        Respectfully Submitted,


/s/ Mohsin Reza_____
Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutmansanders.com
mohsin.reza@troutmansanders.com

Jason C. White (admitted *pro hac vice*)
Robert Unikel (admitted *pro hac vice*)
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, IL 60654
whitej@howrey.com
unikelr@howrey.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of October, 2009, I will electronically file the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Ellen D. Marcus, Esquire
>Zuckerman Spaeder LLP
>1800 M Street, N.W.
>Washington, D.C. 20036
>Telephone: (202) 778-1800
>Facsimile: (202) 822-8106
>Email: emarcus@zuckerman.com
>
>Mia K. Poston, Esquire
>Pequignot + Myers, LLC
>1636 R Street, NW
>Third Floor
>Washington, D.C. 20009
>Telephone: (202) 328-1200
>Facsimile: (202) 328-2219
>Email: mposton@pmiplaw.com
>
>*Counsel for Plaintiff*
>
>Steven E. Gordon
>United States Attorney's Office
>2100 Jamieson Ave.
>Alexandria, VA 22314
>Telephone: (703) 299-3700
>Email: steve.gordon@usdoj.gov
>
>*Counsel for United States of America*
>
>/s/ Mohsin Reza_____
>Mohsin Reza (VSB No. 75347)
>TROUTMAN SANDERS LLP
>1660 International Drive, Suite 600
>McLean, Virginia 22102
>Telephone: (703) 734-4334
>Facsimile: (703) 734-4340
>mohsin.reza@troutmansanders.com